**STASI v. MARKHAM, Alien Property Custodian, et al.**

Civil Action No. 5196.

District Court, D. New Jersey.

Dec. 10, 1946.

Nathan Baker, of Hoboken, N. J., for plaintiff.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., Edward V. Ryan, Asst. U. S.

Atty., of Jersey City, N. J., and Jacob Abramson, Department of Justice, of Washington, D. C., for the Government.

MEANEY, District Judge.

This is an action brought under the Trading with the Enemy Act of October 6, 1917, 40 Stat. 411, 50 U.S.C.A.Appendix, §§ 1–31, as amended, for the recovery from the Alien Property Custodian of money claimed to be owed to the plaintiff by an Italian Company, the American assets of which have been vested by the Custodian.

Pursuant to the above statute (hereinafter referred to as the Act), the property of the Italia Societa Anonima Di Navigazione, also known as the Italian Lines, was seized by the Alien Property Custodian by Vesting Order 182, dated September 28, 1942.

The plaintiff, a citizen of Italy, has been residing in the United States since 1930. In 1939, while employed as a longshoreman on board the vessel "S. S. Bermonia," owned by the said Italian Lines, the plaintiff sustained accidental injuries. Subsequently, on December 18, 1942, in a negligence action brought against the Italian Lines in the New York Supreme Court, the plaintiff recovered a judgment in the sum of $18,000. He thereafter, on February 18, 1943, filed a claim with the Alien Property Custodian but received no payment. He now brings suit under section 9(a) of the Act as a creditor of the said Italian Lines.

The matter is presently before the court on plaintiff's motion for summary judgment, on the ground that there is no genuine issue as to any material fact raised by the answer of the defendant and none of the defenses set forth in the answer are sufficient in law.

The government opposes the motion and has made a counter-motion for summary judgment on the ground that the plaintiff has no standing to institute or maintain this action and the complaint fails to set forth a claim upon which relief can be granted.

The defendant has urged several grounds in support of its counter-motion. In the view of the court, the contentions raised by the second ground are dispositive. This opinion will, therefore, be confined to the arguments raised thereon.

On the second ground, the government contends that the plaintiff may not recover in this action because the "debt" claim of the plaintiff against the Italian Lines did not arise until after the declaration of war against Italy and the vesting of the Italian debtor's property. This contention makes necessary a determination of what constitutes a "debt" within the meaning of section 9(a) of the Act, and raises the question of whether a debt might be paid which had not been "owing" before the Act became effective with respect to Italian funds and property by the declaration of war against Italy on December 11, 1941.

The pertinent provisions of section 9(a) are:

"Any person not an enemy or ally of enemy * * * to whom any debt may be owing from an enemy or ally of enemy whose property or any part thereof shall have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian * * * may institute a suit * * * in the district court of the United States * * * to establish the * * * debt so claimed * * *."

While it is true that the word "debt," as used in section 9(a), must be given a liberal construction, and is not confined to causes for which the common law action of debt might be maintained (Miller v. Robertson, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265), it is equally true that the construction will not be enlarged to include a claim for damages for personal injuries arising out of a tort. Norris v. Bergdoll, D.C., 283 F. 981.

In the instant case, prior to the entry of a judgment in favor of the plaintiff in the negligence suit brought in the New York Supreme Court, the plaintiff had nothing more than an unascertained and unliquidated claim based upon an alleged liability in tort. Cf. W. S. Tyler Co. v. Deutsche D. G. Hansa, D.C., 276 F. 134. In the opinion of this Court such a claim is not a "debt" within the meaning of section 9(a) of the Act.

Thus, until the plaintiff's claim against the Italian Lines was reduced to a judgment there existed no "debt" upon which a proper claim might be made. The judgment in favor of the plaintiff in the New York action was not entered until December 18, 1942, more than two months after vesting order 182 vested in the Custodian the funds and properties in the United States of the Italian Line, and approximately one year after the declaration of war between the United States and Italy on December 11, 1941.

Assuming, but not deciding, that the judgment obtained by the plaintiff in the New York action created a debt upon which a claim could properly be made within Section 9(a) of the Act, the further question remains whether it is then, on that date, such a debt as "may be owing from an enemy" within the time limitations contemplated therein.

■ The Supreme Court in Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L. Ed. ——, has stated that the trading with the enemy Act automatically went into effect again when World War II broke out. In the same opinion that court ruled that the time limitations in Section 9(e) of the Act relate only to claims against property seized during World War I and have no relation to property seized during the recent conflict. Thus, while section 9(a) became effective automatically, section 9(e), which specifically provided that no debt shall be allowed under section 9 "unless it was owing to and owned by the claimant prior to October 6, 1917", did not. There was, therefore, no specific limitation clause in the Act, as it existed when this suit was instituted, limiting the date on or before which "debts" must have been "owing" as the Act relates to claims arising out of World War II.

The Government has strongly urged the contention that no claim under section 9(a) is recoverable if it arose after the declaration of war against Italy or after the vesting of the property and funds of the Italian Lines. This contention the plaintiff apparently does not dispute, evidently relying instead upon its insistence that plaintiff's debt claim arose when the injuries were incurred some two years prior to the outbreak of war. As previously stated, the court finds no merit in the latter contention.

Neither the briefs submitted by counsel nor independent research has revealed any case specifically dealing with the time limitation relating to claims arising out of World War II.

It is necessary, therefore, to resort to the cases and authorities, scarce as they are, dealing with the interpretation given section 9 prior to the date upon which section 9(e) was added in June 1920, as those cases relate to claims in World War I.

■■ An extensive examination of the authorities found, has satisfied the court that the contention urged by the government, that the "debt" must have been owing on or prior to the date when the Act became effective against Italian property, is the proper one.

This view finds support in the recent case of Cabell v. Markham, 2 Cir., 148 F.2d 737, 738, affirmed 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. ——, wherein the Circuit Court stated that the Act prior to the amendment of June 1920 provided "from the first * * * that no debt should be paid which had not been 'owing' before October 6, 1917," the effective date of the original Act.

In Synthetic Patents Co. v. Sutherland, 2 Cir., 22 F.2d 491, 494, the court stated:

"By section 9 of the original act, only such debts as may be owing to * an enemy were recoverable under its provisions, and the debts recoverable were limited to those owing at the date of the passage of the Act."

A similar construction appears in the report of the Alien Property Custodian for the year 1918 (Sen.Doc. 435, 65th Cong. 3rd Sess. Feb. 22, 1919, p. 238), where it is stated:

"The words 'may be owing' are construed to mean debts owing at the time the Trading with the Enemy Act was passed (Oct. 6, 1917), and do not include debts or claims

---

* As quoted in the reported opinion. It seems evident, however, that the word "to" was intended to be "from" in order that the quoted passage read properly.

which have been incurred or arisen subsequent to that date."

Placing the same construction upon the words of section 9(a) as has been done heretofore and prior to the amendment in 1920, it is evident that even were the judgment to be deemed a debt, it was not a debt owing from an enemy on the date when the Act automatically went into effect in World War II, and was not therefore a debt upon which a claim might be made within the contemplation of section 9(a) of the Act.

Subsequent to the date upon which this matter was heard by this Court and decision of the issues reserved, Public Law 671, 79th Congress, 2nd Session, approved August 8, 1946, was enacted and became a part of the Act. 50 U.S.C.A.Appendix, § 34(a), which was added to the Act by P.L. 671, while not deemed by the court to be controlling in this action, lends further support to the conclusions hereinbefore stated. That section provides in part, as follows:

"No debt claim shall be allowed under this section if it was not due and owing at the time of such vesting or transfer (in the Alien Property Custodian) * * *."

There remains one further matter which must be considered. Public Law 671, supra, additionally provided, inter alia, under section 34(i) that:

"The sole relief and remedy available to any person seeking satisfaction of a debt claim out of any property or interest which shall have been vested in or transferred to the Alien Property Custodian (other than any property or interest acquired by the United States prior to December 18, 1941), or the proceeds thereof, shall be the relief and remedy provided in this section, and suits for the satisfaction of debt claims shall not be instituted, prosecuted, or further maintained except in conformity with this section * * *." '

Section 34(e) provides that only suits to review the custodian's determination under the Act are maintainable with respect to debt claims, and in part states as follows:

"Within sixty days after the date of mailing of the Custodian's determination, any debt claimant whose claim has been disallowed in whole or in part may file in the District Court of the United States for the District of Columbia a complaint for review of such disallowance naming the Custodian as defendant."

Citing the above amendments to the Act, the government has made a further motion to dismiss this action on the ground that the provisions of Section 34(i) bar any further proceedings herein and that the rendition of an opinion by this court would constitute the "further maintaining" of this suit not in conformity with the provisions of section 34.

In the view of the Court, however, the filing of an opinion by the Court in a matter previously taken under advisement does not constitute a prosecution or further maintaining of a suit within the intendment of Section 34(i).

Accordingly, defendant's motion to dismiss is denied.

Defendant's motion for summary judgment is granted.

An order may be entered accordingly.

